METROPOLITAN PROTECTION SERVICE, INC., ET AL., APPELLEES, v. ELMER C. TANNER, APPELLANT.

155 N. W. 2d 803

Filed January 19, 1968. No. 36676.

Hal W. Bauer, for appellant.

Johnston, Grossman & Johnston, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Metropolitan Protection Service, Inc., a private detective agency, sued on defendant's promise to pay it for investigating the activities of defendant's wife. A judgment for $2,800 resulted from a trial to the court, and defendant has appealed. The issues are admissibility of a corporate record in evidence and sufficiency of evidence to sustain the assessment of $2,800.

Metropolitan, a family corporation, maintained its place of business in the living room of the home of Edward and Verneta Itzen. The enterprise was small, and the Itzens hired 10 part-time investigators to assist in the surveillance of defendant's wife. Defendant promised, according to an implied finding by the court, to pay $4 an hour, $0.10 a mile, and other expenses. The claim covers the period from May 18 to September 2, 1963, defendant having paid $1,078.50 for prior services. Items of the claim are a charge of $5,420 for 1,355 hours of investigation, expenses of $615.10, and a credit of $500 for payments made in June 1963.

Corporate records of the surveillance kept by the part-time investigators disclose their observations, time spent, and mileage. The diaries or reports, marked exhibits 1 through 16, with one exception were received in evidence for a limited purpose. Exhibit 1, showing on May 18, 1963, time and mileage for a charge of $26.60, was received generally; and its admission is not assigned as error. The court said that exhibits 2 through 15 were not then "received as any evidence of the doing of the things described therein." It added that the exhibits were received as business records, and counsel for Metropolitan limited the offer accordingly. The parties subsequently stipulated that exhibit 16 was received "for the limited purpose of showing * * * that the business records of the plaintiff corporation contain these records, but not for the purpose of showing that the work indicated thereon was actually done." There was no re-offer.

Exhibit 17 is the focal point of controversy. Defendant contends that the exhibit was admitted into evidence erroneously while Metropolitan says that the exhibit sustains the assessment of $2,800. The exhibit lists dates, units of hours, mileage, and other expenses in connection with the work of each one of the 12 investigators. It was admitted on foundation testimony of Edward Itzen. During the entire period of the investigation Metropoli-

tan had kept no one other than defendant's wife under surveillance. The exhibit was prepared on September 6, 1963, from "all the other exhibits" in the regular course of business. Nothing like exhibits 1 through 16 relates to services of Edward or Verneta Itzen. Of the 1,355 hours listed in exhibit 17, approximately 53 percent was ascribed to the Itzens.

The ruling on exhibit 17 is defended on the single ground that the Uniform Business Records as Evidence Act applied. One requirement is that the record be made, at or near the time of the act, condition, or event. § 25-12,109, R. R. S. 1943. The rule reflects the belief that "any trustworthy habit of making regular business records will ordinarily involve the making of the record contemporaneously." 5 Wigmore on Evidence (3d ed.), § 1526, p. 375. Circumstances affecting admissibility are complexity of the information in the record, training and skill of the recorder, and reasonableness of the elapsed time generally. The admission of exhibit 17 into evidence was erroneous, and the evidence is insufficient to sustain the assessment of $2,800.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.